UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------
TRUSTEES OF THE PLUMBERS AND GASFITTERS         |
LOCAL UNION NO. 12 WELFARE, PENSION,            |
ANNUITY, and FRINGE BENEFIT FUNDS; AND          |   CASE NO. 05-11077 NG
PLUMBERS AND GASFITTERS LOCAL UNION NO. 12      |
                                                |   MAGISTRATE JUDGE Alexander
        Plaintiffs                              |
                                                |
VS.                                             |
                                                |
DOWD PLUMBING CORPORATION; ARTHUR D.            |   MAY 20, 2005
DOWD, JR., GUARANTOR; MARY C. DOWD,             |   AMOUNT $250
GUARANTOR; TWO HARRIS AVENUE REALTY             |   SUMMONS ISSUED
TRUST, GUARANTOR                                |   LOCAL RULE 4.1
                                                |   WAIVER FORM
        Defendants                              |   MCF ISSUED
                                                |   BY DPTY CLK
                                                |   DATE 5/23/05
-------------------------------------------------
```

## COLLECTION AND BREACH OF CONTRACT COMPLAINT

1.      This is an action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq.; the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"); and breach of contract brought on behalf of the Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity, and Fringe Benefit Funds (including the Plumbing Industry Education Fund, the Labor Management Cooperation Fund, the Industry Improvement Fund, the Vacation & Xmas Fund, the 13th Check Fund, the Organizing Fund, the Building Fund, the Public Relations Fund and the

Dues Fund); and Plumbers and Gasfitters Local Union No. 12 (the "Plaintiffs") for damages arising from unpaid Funds contributions owed to Plaintiff Funds pursuant to the terms of Trust Fund Plan Documents, the Collective Bargaining Agreement, and the Settlement Agreement.

2. This court has jurisdiction, and venue lies in this district pursuant to ERISA § 502 (e)(1) and (2), 29 U.S.C. § 1132(e)(1) and (2), and ERISA § 515, 29 U.S.C. § 1145; the LMRA § 301 (a), 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

3. This court has supplemental jurisdiction of the state law contract breach claim against guarantors Arthur D. Dowd, Mary C. Dowd, and Two Harris Avenue Realty Trust, pursuant to 28 U.S.C. § 1367.

4. Defendant Arthur D. Dowd, residing at 375 East Street, Westwood, Massachusetts, is a guarantor to the breached Settlement Agreement addressing the payment of admitted delinquent Health, Annuity, Pension and other Funds contributions owed by Dowd Plumbing Corporation to the Plaintiffs, Trustees of the Trust Funds and the Union.

5. Defendant Mary C. Dowd, residing at 375 East Street, Westwood, Massachusetts, is a Guarantor to the breached Settlement Agreement addressing the payment of admitted delinquent Health, Annuity, Pension and other Funds contributions owed by Dowd Plumbing Corporation to the Plaintiffs, Trustees of the Trust Funds and the Union.

6. Defendant Two Harris Avenue Realty Trust, located at Two Harris Avenue, Jamaica Plain, Massachusetts, of which Arthur D. Dowd is a Trustee, is a Guarantor to the breached Settlement Agreement addressing the payment of admitted delinquent Health, Annuity, Pension and other Funds contributions owed by Dowd Plumbing Corporation to the Plaintiffs, Trustees of the Trust Funds and the Union.

7. Defendant Dowd Plumbing Corporation (hereinafter "Dowd Plumbing") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business located at 3 Morton Street, Stoughton, Massachusetts 02072, and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152 (2), (6) and (7).

8. Defendant Dowd Plumbing is a member of the Greater Boston Association of Plumbing, Heating, Cooling Contractors, Inc. (hereinafter "Association") and has assigned its bargaining rights to the Association for purposes of negotiating a Collective Bargaining Agreement with Plumbers and Gasfitters Local Union No. 12 and the United Association of Plumbers and Gasfitters (hereinafter the "Union"). Dowd Plumbing is a party to and bound by the Collective Bargaining Agreement (hereinafter "CBA") between the Association and the Union.

9. Plaintiffs Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity, Vacation & Benefit Funds (the "Funds") are third-party beneficiaries of the CBA between the Association and the Union.

3

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

10. Plaintiffs Trustees are "fiduciaries" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1002(37)(A) and each is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds are located at and administered from 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

11. Plaintiff Plumbers and Gasfitters Local Union No. 12 (the "Union") is a "labor organization" within the meaning of 29 U.S.C. §152(5) and is located at 1240 Massachusetts Avenue Boston, MA 02125.

### COUNT I: ERISA – Claim for Delinquent Funds Contributions and Late Fees

12. At all material times, Defendant Dowd Plumbing is obligated by the terms of the CBA between Defendant Dowd Plumbing and the Union and by the terms of the Funds' Agreement and Declaration of Trust to which Defendant is bound to make contributions to the Funds for each hour worked by its plumbing and apprentice employees who perform plumbing jobs within the Plumbers Union Local 12 bargaining unit.

13. Consistent with the CBA and the Plan Documents, Funds contributions are due on the fifteenth (15th) day of the month following the month in which the contributions accrued, but, in no event, later than the thirtieth or thirty-first (30th or 31st) day of the month following the month in which the contribution accrued (e.g., contributions for hours worked in December are due January 15th, but no later than January 31st).

14. Funds contributions that are not received by the end of the month in which they are due, are delinquent pursuant to the governing CBA and Trust Funds Plan Documents. Such delinquency is a breach of the CBA and the Plan Documents and

4

subjects the delinquent Defendant to collections litigation in Federal District Court for all delinquent contributions, late fees, interest, liquidated damages, costs, and reasonable attorney fees associated with the collection action pursuant to ERISA and the CBA enforced through the LMRA.

15. For each month that the Defendant, Dowd Plumbing, employed Local 12 plumbers/apprentices, it is obligated by the CBA and Plan Documents to submit to the Funds office by the end of the following month, a Funds contribution report detailing the names of Local 12 plumbers/apprentices employed, the hours worked by each employed Local 12 plumber/apprentice, and the Funds contributions owed/paid on behalf of each of the Local 12 plumbers/apprentices employed during the reported month.

16. Based upon Defendant Dowd Plumbing's submitted monthly reports referenced in Paragraph 15, contributions were owed for the months of December 2004 in the amount of $76,759.45; January 2005 in the amount of $39,204.47; February 2005 in the amount of $36,993.40; March in the amount of $32,661.17 and April 2005 in the amount of $36,119.52.

17. Defendant Dowd Plumbing entered into a Settlement Agreement dated March 21, 2005 addressing the delinquent Funds contributions referenced in Paragraph 16 that would be due as of May 5, 2005. At the time, the Settlement Agreement was executed, Dowd Plumbing owed delinquent contributions in the balance amount of $60,438.19 for the months of December 2004; $39,204.47 for the months of January 2005; and $36,993.40 for the month of February 2005. Pursuant to the terms of the Settlement Agreement all

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

delinquencies were to be paid to the Funds on or before May 5, 2005. Defendants Arthur D. Dowd, Jr., Mary C. Dowd, and Two Harris Avenue Realty Trust guaranteed the Settlement Agreement, and are jointly and severally liable for the payment to the Funds in the event that Dowd Plumbing was unable to pay to the Funds the delinquent contributions.

18. As of the date of this ERISA collection and breach of contract lawsuit, Dowd Plumbing and the Guarantors to the Settlement Agreement jointly and severally owe delinquent contributions to the Funds as follows:

| | | |
|---|---|---|
| **December 2004:** | $25,125.47 | (balance) |
| **January 2005:** | $15,484.57 | (balance) |
| **February 2005:** | $6,782.16 | (balance) |
| **March 2005:** | $32,661.17 | |
| | $80,053.37 [owed jointly and severally by all Defendants] | |
| plus | | |
| **April 2005:** | $36,119.52 [additionally owed by Defendant Dowd Plumbing] | |
| | $116,172.89 | |

Thus, at the time of the initiation of this lawsuit, a known total delinquency of *$116,172.89* is due and owing to the Funds by Defendant Dowd Plumbing, of which *$80,053.37* (total of December 2004, January, February and March 2005) is jointly and severally owed to the Funds by all Defendants.

19. In addition to the delinquencies referenced in Paragraph 18, Dowd Plumbing, as a result of a chronic pattern of delinquencies ranging from March 2004 through March 2005, owes to the Funds pursuant to the terms of the CBA and the Plan Documents, late fees as of May 1, 2005 in the amount of *$12,888.41*.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

20. Defendant has failed to make required contributions to the Plaintiff Funds and pay the delinquent contributions referenced in Paragraph 18 in violation of Section 515 of ERISA, 29 U.S.C. § 1145. Defendant Dowd Plumbing owes to the Funds a total delinquency and late fee sum of *$129,061.30* through the April 2005 delinquent contributions. Of this total obligation, *$80,053.37* is jointly and severally owed to the Funds by all Defendants, pursuant to the Settlement Agreement dated March 21, 2005.

21. In addition, Defendant continues to employ Local 12 plumbers and apprentices and, therefore, will owe contributions for May and the ensuing months during the pendency of this Complaint and, therefore, the judgment may include additional months' contributions beyond the above months claimed and additional late fees beyond the May 1, 2005 figure.

### COUNT II: LABOR MANAGEMENT RELATIONS ACT

22. Plaintiffs hereby incorporate by reference the above Paragraphs 1-21.

23. By the above action, Defendant Dowd Plumbing has violated the CBA with Plaintiff Local Union No. 12, to which the Plaintiff Trustees of the Funds are third-party beneficiaries with standing to bring a breach of contract claim pursuant to LMRA § 301(a), 29 U.S.C. § 185(a). Plaintiffs are entitled to relief ordering the Defendant to remit delinquent contributions, late fees, interest, litigation cost and attorney's fees under the terms of the parties' CBA.

### COUNT III: STATE LAW BREACH OF CONTRACT

24. Plaintiffs hereby incorporate by reference the above Paragraphs 1-23.

7

25. Defendant Dowd Plumbing entered into a Settlement Agreement with the Funds dated March 21, 2005 agreeing to pay all unpaid delinquencies due through May 5, 2005 on May 5, 2005.

26. Defendants Arthur D. Dowd, Mary C. Dowd, and Two Harris Avenue Trust are guarantors to the Settlement Agreement referenced in Paragraphs 4, 5, 6, 17, 18, 20, and 25 and, pursuant to the terms of the Settlement Agreement, are jointly and severally liable for the December 2004, January, February and March 2005 delinquencies totaling *$80,053.37* and referenced above in Paragraph 18. Specifically, the Settlement Agreement provides that:

> If, for any unforeseen reason, the Company or any of the Guarantors on behalf of the Company have not fully satisfied all contractual financial obligations owed to the Funds by the Company as of the close of business on May 5, 2005, the Company and the Guarantors, including the Dowds, and Arthur Dowd, Trustee of 2 Harris Avenue Reality Trust, recognize the right of the Funds to bring legal action against the Company and each Guarantor jointly and severally to collect any unpaid contractual obligation then owing by the Company to the Funds.

27. Neither the Defendant, Dowd Plumbing, nor the Guarantors have paid all contractual obligations owing by the Company to the Funds and, at this time, owe a total obligation of *$129,061.30* through the April 2005 contributions, of which *$80,053.37* is jointly and severally owed by all Defendants.

28. By the above action, Defendant Dowd Plumbing and Defendants Arthur Dowd, Mary C. Dowd and Two Harris Avenue Realty Trust violated the Settlement

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Agreement dated March 21, 2005. Plaintiffs are, therefore, entitled to an appropriate remedy for this state law breach of contract.

WHEREFORE, Plaintiffs demand that judgment enter in accordance with Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and § 1145, Section 301 of the LMRA, 29 USC § 185 and state contract law:

    1.    Awarding the Plaintiffs the following:

        (a)    the unpaid contributions for the period of December 2004 through April 2005 as follows:

| | |
|---|---:|
| **December 2004 (balance):** | $25,125.47 |
| **January 2005 (balance):** | $15,484.57 |
| **February 2005 (balance):** | $6,782.16 |
| **March 2005:** | $32,661.17 |
| **April 2005:** | $36,119.52 |
| **TOTAL DELINQUENCIES:** | $116,172.89 |

[Of which *$80,053.37* is jointly and severally owed to the Funds by all Defendants]

        (b)    unpaid delinquent late fees:    *$12,888.41*

        **Total of (a) and (b):**    $129,061.30

[Of which *$80,053.37* is jointly and severally owed to the Funds by all Defendants]

        (c)    subsequent delinquencies and late fees that may become due and owing during the pendency of this suit;

        (d)    interest on delinquent payments from the date of this lawsuit through the date of final payment;

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

  (e)  liquidated damages in an amount equal to the greater of interest on unpaid contributions or twenty percent (20%) of the unpaid contributions;

  (f)  all costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action; and

2. Ordering such other and further relief as this Court may deem just and proper.

Dated: <u>May 20, 2005</u>

            Respectfully submitted,

            Robert M. Cheverie, Esq.
            ROBERT M. CHEVERIE &
             ASSOCIATES, P.C.
            333 East River Drive, Suite 101
            East Hartford, CT 06108
            (860) 290-9610
            BBO# 082320

            _____
            Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 20th day of May 2005, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P. O. Box 13163
Baltimore, MD 21203
Attn:    **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:    **Assistant Solicitor for Plan Benefits Security**

Robert M. Cheverie

JTF.12FUNDS.DOWD PLUMBING.2005
Complaint.05-18-05

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Trustees of the Plumbers and Gasfitters' Local Union No. 12, Welfare, Pension, Annuity, and Fringe Benefit Funds v. Dowd Plumbing Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☑    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Robert M. Cheverie, Esq., ROBERT M. CHEVERIE & ASSOCIATES, P.C.
ADDRESS  333 East River Drive, Suite 101, East Hartford, CT  06108
TELEPHONE NO.  (860) 290-9610

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 7/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.
(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
TRUSTEES OF THE PLUMBERS AND GASFITTERS' LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY, and FRINGE BENEFIT FUNDS; AND PLUMBERS AND GASFITTERS LOCAL UNION NO. 12

## DEFENDANTS
DOWD PLUMBING CORPORATION; ARTHUR D. DOWD, JR. GUARANTOR; MARY C. DOWD GUARANTOR; TWO HARRIS AVENUE REALTY TRUST, GUARANTOR

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert M. Cheverie, Esq.
**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
333 East River Drive, Suite 101
East Hartford, CT 06108   (860) 290-9610

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of Collective Bargaining Agreement and to collect contributions due to Plaintiffs' Funds under ERISA, 29 U.S.C. Sections 185 and 29 U.S.C., Section 1002 et. seq. and breach of Settlement Agreement.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310\ Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 861 hia (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition (including 1983 Actions) | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $170,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY: (See Instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
May 20, 2005

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*
Robert M. Cheverie, Esq.